UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-25178-KMM

RAUL JIMENEZ,

    Plaintiff,
v.

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,[1]

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Parties' cross motions for summary judgment. Plaintiff Raul Jimenez ("Plaintiff") filed a Complaint seeking reversal of a final decision of the Commissioner of Social Security ("Defendant"). (ECF No. 1). On December 20, 2021, Plaintiff filed his Motion for Summary Judgment. ("Pl.'s Mot.") (ECF No. 24). On March 21, 2022, Defendant filed its Motion for Summary Judgment with Supporting Memorandum of Law and Response to Plaintiff's Motion for Summary Judgment. ("Def.'s Mot.") (ECF No. 29). The Court referred the matter to the Honorable Lauren Fleischer Louis, United States Magistrate Judge, who issued a Report and Recommendation recommending that Plaintiff's Motion be GRANTED, and Defendant's Motion be DENIED. ("R&R") (ECF No. 34). The Parties did not

---

[1] Plaintiff initiated this suit against then-Acting Commissioner Andrew Saul. Kijakazi replaced Andrew Saul as the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity . . . otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."

file objections to the R&R and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As set forth in the R&R, Magistrate Judge Louis makes the following findings: (1) the Administrative Law Judge ("ALJ")'s conclusion that Plaintiff had a "moderate [mental] limitation" with respect to interpersonal interactions was supported by substantial evidence, *see* R&R at 9–10; yet (2) the ALJ erred in its failure to consider Dr. Anthony M. Castro's April 1, 2019 letter as a medical opinion under the regulations, *see id.* at 10–14; (3) the ALJ erred in its determination that Dr. Mayra Miro's report was not persuasive, as that conclusion was not supported by substantial evidence, *see id.* at 14–15; (4) the ALJ erred in its failure to support with substantial evidence its determinations regarding Plaintiff's limitations and his ability to respond appropriately to supervision, *see id.* at 15–17; (5) the ALJ erred in its failure to support with substantial evidence its discounting of Plaintiff's own testimony regarding "the persistence, severity and limiting effects of Plaintiff's impairments and alleged symptoms," *see id.* at 17–21; and (6) because the ALJ's RFC determination was not supported by substantial evidence, the limitations which it provided to the Vocational Expert were commensurately inappropriate, rendering the Vocational Expert's testimony unsupported, *see id.* at 21–22. This Court agrees.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 34) is ADOPTED, Plaintiff's Motion (ECF No. 24) is GRANTED, and Defendant's Motion (ECF No. 29) is DENIED. The Court hereby REVERSES the Administrative Law Judge's decision and REMANDS this cause to the Administrative Law Judge:

1. To reassess Plaintiff's RFC Limitations in light of this Court's determination that Dr. Castro's April 1, 2019 letter is in fact a "medical opinion" under 20 C.F.R. § 404.1513;

2. To reassess its findings regarding Dr. Mayra Miro's report and to provide further evidence in support of its renewed conclusion;

3. To reassess its findings regarding Plaintiff's interpersonal interactions with coworkers and supervisors, and to provide further evidence in support of its renewed conclusion;

4. To reconsider Plaintiff's own testimony regarding his symptoms and impairments and to provide further evidence in support of its renewed conclusion; and

5. To redetermine whether it is necessary to proceed to Step Five of the analysis in light of the ALJ's reconsideration of Plaintiff's RFC limitations as described above.

DONE AND ORDERED in Chambers at Miami, Florida, this *3rd* day of October, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record