**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:20-cv-25178-KMM

RAUL JIMENEZ,

      Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,[1]

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff Raul Jimenez's Unopposed Petition for

Attorney Fees (ECF No. 36).  The matter has been referred to the undersigned United States

Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules

of the Southern District of Florida, by the Honorable K. Michael Moore, District Court Judge for

the Southern District of Florida, to take all necessary and proper action as required by law with

respect to Plaintiff's Petition (ECF No. 37).

### I.    BACKGROUND

Plaintiff is the prevailing party in this litigation, as the Court remanded this case to the

Commissioner of Social Security for further proceedings after granting summary judgment in

favor of Plaintiff.  (ECF Nos. 34, 35).  On December 10, 2022, Plaintiff filed the instant Motion

---

[1] Plaintiff initiated this suit against then Acting Commissioner Andrew Saul.  Kilolo Kijakazi replaced Andrew Saul as the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity . . . otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."

for the award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), requesting

attorney fees in the amount of $8,439.26, in addition to costs in the amount of $402.00 for the

filing fee.  According to the certificate of conferral, the Commissioner does not oppose the EAJA

fee request totaling $8,439.26 for 38 hours of time.  (ECF No. 36 at 2).

## II.    DISCUSSION

In relevant part, the Act states the following:

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred
> by that party in any civil action ..., including proceedings for judicial review of
> agency action, brought by or against the United States in any court having
> jurisdiction of that action, unless the court finds that the position of the United
> States was substantially justified or that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A); *Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985).  Here, Plaintiff

asserts, and Defendant does not dispute, that he is the prevailing party and that Defendant's

position was not substantially justified (ECF No. 36 at 1).  The only remaining question is whether

Plaintiff's requested attorney's fees are reasonable.

Plaintiff seeks $8,439.26 in attorney fees, reflecting 38.0 hours expended by his attorney

at a rate of $207.78 per hour for 2.20 hours in calendar year 2020; $217.54 per hour for 24.15

hours in calendar year 2021; and $234.21 per hour for 11.65 hours in calendar year 2022.  Plaintiff

includes an accompanying itemization of hours explaining the nature of his attorney's work on

Plaintiff's behalf.  (*Id.* at 3–4).  Though the EAJA sets a ceiling of $125.00 per hour for attorney's

fees, courts may raise the ceiling based on increases in the cost of living.  *See* 28 U.S.C. §

2412(d)(2)(A)(ii).

Accordingly, having reviewed Plaintiff's counsel's itemized time entries, experience, and

reputation (ECF No. 36), the undersigned finds Plaintiff's request for attorney fees to be

reasonable.  *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("A

reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.") (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)); *see also Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988) (stating that a prevailing party is likewise entitled to attorney's fees for work done on appeal, provided the party also prevailed on appeal), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990); *Stokes v. Saul*, 20-CV-61485, 2021 WL 3019496, at *1 (S.D. Fla. July 7, 2021) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (same); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

Counsel for Plaintiff, Attorney Ms. Bohr, specializes in handling social security appeals, as reflected in her many appearances in federal court.  Ms. Bohr's time log documents the work she performed in this case, which included communicating with her client, reviewing the extensive administrative record, preparing and filing pleadings including a motion for summary judgment and reply, monitoring case filings, and corresponding with opposing counsel on case-related matters. (ECF No. 36 at 3–4).  Upon independent review, I find that the attorney fee award sought by Plaintiff is reasonable.

Plaintiff additionally seeks, and Defendant does not oppose, recovery of the $402.00 filing fee.  Plaintiff provides no supporting documentation for the filing fee, but a review of the docket in this case reflects filing fees paid in the amount of $402.00.  Filing fees are recoverable as a cost under § 1920, and thus the undersigned recommends that $402.00 be awarded in costs for the filing

fee. *See Goodman v. Sperduti Enter., Inc*., 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]").

### III.   RECOMMENDATIONS

For the foregoing reasons, I recommend that Plaintiff's Petition for Attorney Fees (ECF No. 36) be **GRANTED,** and that Plaintiff be awarded a total of $8,439.26 in attorney fees, and $402.00 in costs associated with the filing fee, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 30th day of December, 2022.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable K. Michael Moore
      Counsel of Record

4